USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 11/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON CLARKE,

Plaintiff,

-against-

KYLE STEVENS; EMPRESS EMS,

Defendants.

26-CV-10013 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who resides in Kings County, New York, brings this action *pro se*. Plaintiff asserts claims, under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, arising from his employment. The complaint can also be liberally construed as asserting claims under the New York State and City Human Rights Laws. By order dated November 17, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**DISCUSSION**

**A. Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall

[1] Although a summons and complaint generally must be served within 90 days of the date the complaint is filed, *see* Fed. R. Civ. P. 4(m), Plaintiff proceeds IFP and could not effect service until the Court reviewed the complaint and ordered that any summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

If service is not effected within this 90-day period, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Kyle Stevens and Empress EMS through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses for these defendants and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendants Kyle Stevens and Empress EMS, complete the USM-285 form with the address for each defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

Plaintiff may choose to consent to accept service of documents in this case by email, instead of postal mail, by completing the form, Consent to Electronic Service.

The Clerk of Court is directed to mail to Plaintiff an information package and a copy of this order.

SO ORDERED.

Dated: November 18, 2026
White Plains, New York



NELSON S. ROMÁN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Kyle Stevens
   Empress EMS
   722 Nepperhan Avenue
   Yonkers, New York 10703

2. Empress EMS
   722 Nepperhan Avenue
   Yonkers, New York 10703